## **Exhibit II**

Racusin Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| **CALRISSIAN LP,** | : | Case No. 17-10356 (KG) |
|  | : |  |
| Debtor.[1] | : |  |
|  | : |  |

## DECLARATION OF ROBERT RACUSIN IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT NU IMAGE ARBITRATION TO PROCEED

I, Robert Racusin, hereby declare under penalty of perjury:

1.     I am a Partner of Virgo Investment Group LLC, an affiliate of Virgo Service Company, LLC, the Debtor's General Partner.  In such capacity, I am involved in the day-to-day operations of Virgo Service Company, LLC and generally familiar with the Debtor's business and financial affairs and with the proceedings related to the Arbitration.

2.     Except as otherwise indicated herein, all facts set forth in this declaration (this "Declaration") are based on my personal knowledge, information gathered from my review of relevant documents or information supplied to me by the Debtor's advisors.  I am over the age of 18 and if called upon to testify, I could and would testify competently to the facts set forth herein.

3.     On August 18, 2014, Calrissian, Virgo Societas Partnership III (Onshore), L.P., Virgo Societas Partnership III (Offshore), L.P. and Virgo Investment Group, LLC (the "Virgo Entities"), entered into a Purchase Agreement (the "Purchase Agreement") with Nu

---

[1]     The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Calrissian LP (0751).  The Debtor's corporate headquarters is located at 1200 Howard Avenue, 3rd Floor, Burlingame, California 94010.

Active 32831254.1

Image Holdings, Nu Image and certain other equity holders (collectively, the "Sellers") to purchase all of the outstanding equity interests in Millennium Entertainment, LLC ("Millennium"). The aggregate purchase price for Millennium under the Purchase Agreement was $41 million, with $5 million of that amount due in four post-closing installments due between the first and third anniversary of the closing of the sale (each, a "Post-Closing Payment"). The Purchase Agreement contained representations regarding Millennium's finances and accounting practices and provides for indemnification of Calrissian by the Sellers related to any breaches of the representations in the Purchase Agreement and other claims.

4. After Calrissian purchased Millennium, Calrissian and the Virgo Entities discovered, contrary to what they had understood during and as a result of their due diligence, that Millennium had been losing, and would continue to lose, substantial amounts of money both before and after the purchase transaction. In fact, losses continued unabated even after the Virgo Entities replaced management, made a significant additional investment of approximately $14 million in the form of junior debt and retained a financial advisor at the insistence of the Debtor's and Millennium's senior lenders.

5. Following the sale, Calrissian changed Millennium's name to Our Alchemy, LLC. Due to Our Alchemy, LLC's financial difficulties, it ultimately filed for chapter 7 protection before this Court (Del. Bankr. Case No. 16-11596 (KG)) on July 1, 2016. Prior to Our Alchemy, LLC entering bankruptcy, Calrissian had made one of the Post-Closing Payments in the amount of $900,000. However, Calrissian declined to make any further Post-Closing Payments because the Sellers had made material misrepresentations regarding certain aspects of Millennium's financial condition prior to the sale and committed other acts contrary to the terms of the agreement and constituting tort claim against Calrissian and the Virgo Entities.

6. A true and correct copy of the Demand for Arbitration Before JAMS and Statement of Dispute submitted by Nu Image in the Arbitration is attached hereto as <u>Exhibit A</u>.

7. A true and correct copy of the Statement of Defense and Counterclaim, dated March 28, 2016, submitted by the Respondents in the Arbitration is attached hereto as <u>Exhibit B</u>.

8. A true and correct copy of Nu Image's letter in reply to the Respondents counterclaims is attached to hereto as <u>Exhibit C</u>.

9. Discovery and presentation of evidence in the Arbitration has been completed. Based on the presentation of evidence, the Debtor expects that the arbitration will result in a substantial award of damages in its favor. The Debtor further believes that some or all of the award in the Arbitration could constitute a commercial tort claim that would not be subject to SunTrust Bank's security interest in the Debtor's assets and would therefore be available for distribution to unsecured creditors.

10. A final hearing in the Arbitration is scheduled for February 28, 2017.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 17, 2017

Respectfully submitted,

*/s/ Robert Racusin*
Robert Racusin

**EXHIBIT A**

**(FILED UNDER SEAL)**

**EXHIBIT B**

**(FILED UNDER SEAL)**

# EXHIBIT C

# (FILED UNDER SEAL)