# **EXHIBIT A**

 

# Demand for Arbitration Before JAMS
## Instructions for Submittal of Arbitration to JAMS

### Demand for Arbitration Based on Pre-Dispute Provision

If you wish to proceed with an arbitration by executing and serving a Demand for Arbitration on the appropriate party, please submit the following items to JAMS:

**Two (2) copies of A, B & C:**

A. **Demand for Arbitration**

B. **Proof of service** of the Demand on the appropriate party
   E.g., copy of certified mail receipt signed by recipient or sworn statement of service by a non-party over 18 years of age.

C. **Entire contract** containing the arbitration clause

D. **Initial filing fee.** (For two-party matters, the filing fee is $1,200. For matters involving three or more parties, the filing fee is $2,000.) The entire filing fee must be paid in full to expedite the commencement of the proceedings. Thereafter, a Case Management Fee of 12% will be assessed against all Professional Fees, including time spent for hearings, pre- and post-hearing reading and research and award preparation. For matters involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses. For matters arising out of employer-promulgated plans, see JAMS Policy on Employment Arbitrations, Minimum Standards of Fairness.

**OR**

### Arbitration Based on Post-Dispute Fully Executed Arbitration Agreement, Oral Stipulation or Court Order Compelling Arbitration

Whether or not a certain arbitrator has been designated, if the parties have agreed to arbitrate at JAMS or the court has ordered that the parties arbitrate at JAMS, kindly forward the following items:

**Two (2) copies of A, B & C:**

A. **Demand for Arbitration**

B. **Executed Arbitration Agreement OR Court Order appointing arbitrator/JAMS**
   If needed, please contact JAMS to obtain a Stipulation for Arbitration form or download the appropriate form from the JAMS website at: http://www.jamsadr.com/arbitration-forms/.

C. **Entire contract**, if any, containing an applicable arbitration clause

D. **Initial filing fee.** (For two-party matters, the filing fee is $1,200. For matters involving three or more parties, the filing fee is $2,000.) The entire filing fee must be paid in full to expedite the commencement of the proceedings. Thereafter, a Case Management Fee of 12% will be assessed against all Professional Fees, including time spent for hearings, pre- and post-hearing reading and research and award preparation. For matters involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses. For matters arising out of employer-promulgated plans, see JAMS Policy on Employment Arbitrations, Minimum Standards of Fairness.

**Please submit to your local JAMS Resolution Center.**
Resolution Center locations can be found on the JAMS website at: http://www.jamsadr.com/locations/.

Once the above items are received, JAMS will contact all parties to commence the arbitration process, including the appointment of an arbitrator and scheduling of a hearing date.



# Demand for Arbitration Before JAMS

**TO RESPONDENT:** Calrissian LP
(Name of the Party on whom Demand for Arbitration is made)

Address: Attn: Mark A. Perez, 555 Twin Dolphin Drive, Suite 615

City: Redwood Shores   State/Province: California   Zip: 94065

Telephone:   Fax:   Email: mperez@virgo-llc.com

Representative/Attorney (if known): Schuyler M. Moore/Stroock & Stroock & Lavan LLP
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

Address: 2029 Century Park East, Suite 1600

City: Los Angeles   State/Province: CA   Zip: 90067

Telephone: 310-556-5813   Fax: 310-556-5959   Email: smoore@stroock.com

[Add more respondents on page 5.]

**FROM CLAIMANT (name):** Nu Image, Inc.

Address: Attn: Trevor Short/6423 Wilshire Blvd.

City: Los Angeles   State/Province: CA   Zip: 90048

Telephone:   Fax:   Email: trevor@nuimage.net

Representative/Attorney of Claimant (if known): Robert M. Schwartz and Michael H. Strub, Jr./Irell & Manella LLP
(Name of the Representative/Attorney of the Party Demanding Arbitration)

Address: 1800 Avenue of the Stars, Suite 900

City: Los Angeles   State/Province: CA   Zip: 90067

Telephone: 310-277-1010   Fax: 310-203-7199   Email: rschwartz@irell.com; mstrub@irell.com

[Add more claimants on page 6.]

**Nature of Dispute:** Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached).

Dispute: See attached Statement of Dispute.



# Demand for Arbitration Before JAMS

**Arbitration Agreement:** This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision and attach two (2) copies of entire agreement).

Arbitration Provision Location: This dispute arises under the Purchase Agreement (the "Purchase Agreement") dated as of August 18, 2014, by and among Millennium Entertainment, LLC ("Millennium"), each of the selling parties listed on Schedule A (collectively, the "Sellers" and each a "Seller"), Nu Image Holdings, and Nu Image, Inc. as "Seller Representative," on one hand, and Calrissian LP ("Buyer"), Virgo Societas Partnership III (Onshore), L.P., Virgo Societas Partnership III (Offshore), L.P. (collectively, "Buyer Parents"), on the other. Pursuant to Section 8.11 of the Purchase Agreement, "[a]ny dispute [arising under the Purchase Agreement] will be submitted to final and binding arbitration with JAMS, Inc. ('JAMS') in Los Angeles, California and before a single arbitrator."

**Claim & Relief Sought By Claimant:** Claimant asserts the following claim and seeks the following relief.

Claim: Please see the attached Statement of Dispute for additional details regarding the claim and relief Claimant seeks. To summarize here, Claimant seeks immediate payment of the remaining amounts due under Section 2.3 of the Purchase Agreement, including the 2nd Non-Contingent Payment in the amount of $766,000; the 3rd Non-Contingent Payment in the amount of $1,667,000; and the 4th Non-Contingent Payment in the amount of $1,667,000. Claimant further seeks pre-judgment interest at the rate of 10% per annum with respect to the 2nd Non-Contingent Payment and any further Non-Contingent Payments that are due and owing before judgment is entered. Pursuant to Sections 8.9 and 8.11, Claimant further seeks to recover its reasonable attorneys' fees and costs and other costs related to the action or proceeding. By listing its remedies herein, Claimant does not waive any rights or remedies, in law or in equity, all of which are expressly reserved.

**Amount in Controversy in US Dollars:** $4,100,000, plus pre-judgment interest, attorneys' fees, and costs.

**Response:** Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS.

**Request for Hearing:**

JAMS is requested to set this matter for hearing at: 1601 Cloverfield Blvd., Santa Monica, CA 90404
(Preferred Hearing Location)

**Election For Expedited Procedures (Comprehensive Rule 16.1)**

☑ By checking the box to the left, Claimant requests that the Expedited Procedures described in JAMS Comprehensive Rules 16.1 and 16.2 be applied in this matter. Respondent shall indicate not later than seven (7) days from the date this Demand is served whether it agrees to the Expedited Procedures.

Signed (Claimant): *[signature]*    Date: February 29, 2016
(may be signed by an attorney)

Type / Print Name: Robert M. Schwartz



# Demand for Arbitration Before JAMS

**COMPLETION OF THIS SECTION IS REQUIRED FOR CLAIMS INITIATED IN CALIFORNIA**

A. **Please indicate if this** ☐ IS or ☒ IS NOT **a CONSUMER ARBITRATION as defined by California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e):**

"Consumer arbitration" means an arbitration conducted under a pre-dispute arbitration provision contained in a contract that meets the criteria listed in paragraphs (1) through (3) below. "Consumer arbitration" excludes arbitration proceedings conducted under or arising out of public or private sector labor-relations laws, regulations, charter provisions, ordinances, statutes, or agreements.

   1) The contract is with a consumer party, as defined in these standards;
   2) The contract was drafted by or on behalf of the non-consumer party; and
   3) The consumer party was required to accept the arbitration provision in the contract.

"Consumer party" is a party to an arbitration agreement who, in the context of that arbitration agreement, is any of the following:

   1) An individual who seeks or acquires, including by lease, any goods or services primarily for personal, family, or household purposes including, but not limited to, financial services, insurance, and other goods and services as defined in section 1761 of the Civil Code;
   2) An individual who is an enrollee, a subscriber, or insured in a health-care service plan within the meaning of section 1345 of the Health and Safety Code or health-care insurance plan within the meaning of section 106 of the Insurance Code;
   3) An individual with a medical malpractice claim that is subject to the arbitration agreement; or
   4) An employee or an applicant for employment in a dispute arising out of or relating to the employee's employment or the applicant's prospective employment that is subject to the arbitration agreement.

**If Respondent disagrees with the assertion of Claimant regarding whether this IS or IS NOT a CONSUMER ARBITRATION, Respondent should communicate this objection in writing to the JAMS Case Manager and Claimant within seven (7) calendar days of service of the Demand for Arbitration.**

B. **If this is an EMPLOYMENT matter, Claimant must complete the following information:**

Effective January 1, 2003, private arbitration companies are required to collect and publish certain information at least quarterly, and make it available to the public in a computer-searchable format. In employment cases, this includes the amount of the employee's annual wage. The employee's name will not appear in the database, but the employer's name will be published. Please check the applicable box below:

Annual Salary:  ☐ Less than $100,000    ☐ More than $250,000
                ☐ $100,000 to $250,000    ☐ Decline to State

C. **In California, consumers (as defined above) with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees.** In those cases, the respondent must pay 100% of the fees. Consumers must submit a declaration under oath stating the consumer's monthly income and the number of persons living in his or her household. Please contact JAMS at 1-800-352-5267 for further information.



# Demand for Arbitration Before JAMS

**Add additional respondents below.**

**TO RESPONDENT 2:** Virgo Investment Group, LLC
(Name of the Party on whom Demand for Arbitration is made)

Address: Attn: Mark A. Perez, 555 Twin Dolphin Drive, Suite 615

City: Redwood Shores   State/Province: CA   Zip: 94065

Telephone:    Fax:    Email: mperez@virgo-llc.com

Representative/Attorney (if known): Schuyler M. Moore/Stroock & Stroock & Lavan LLP
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

Address: 2029 Century Park East, Suite 1600

City: Los Angeles   State/Province: CA   Zip: 90067

Telephone: 310-556-5813   Fax: 310-556-5959   Email: smoore@stroock.com


**TO RESPONDENT 3:** Virgo Societas Partnership III (Onshore), L.P.
(Name of the Party on whom Demand for Arbitration is made)

Address: Attn: Mark A. Perez, 555 Twin Dolphin Drive, Suite 615

City: Redwood Shores   State/Province: CA   Zip: 94065

Telephone:    Fax:    Email: mperez@virgo-llc.com

Representative/Attorney (if known): Schuyler M. Moore/Stroock & Stroock & Lavan LLP
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

Address: 2029 Century Park East, Suite 1600

City: Los Angeles   State/Province: CA   Zip: 90067

Telephone: 310-556-5813   Fax: 310-556-5959   Email: smoore@stroock.com



# Demand for Arbitration Before JAMS

**Add additional claimants below.**

**FROM CLAIMANT 2 (name):**

Address:

City:  State/Province:  Zip:

Telephone:  Fax:  Email:

Representative/Attorney of Claimant (if known):
(Name of the Representative/Attorney of the Party Demanding Arbitration)

Address:

City:  State/Province:  Zip:

Telephone:  Fax:  Email:

**FROM CLAIMANT 3 (name):**

Address:

City:  State/Province:  Zip:

Telephone:  Fax:  Email:

Representative/Attorney of Claimant (if known):
(Name of the Representative/Attorney of the Party Demanding Arbitration)

Address:

City:  State/Province:  Zip:

Telephone:  Fax:  Email:

## ADDITIONAL RESPONDENTS

TO RESPONDENT 4:

Virgo Societas Partnership III (Offshore), L.P.
Attn: Mark A. Perez
555 Twin Dolphin Drive, Suite 615
Redwood Shores, California 94065
Email: mperez@virgo-llc.com

Representative/Attorney:
Schuyler M. Moore
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, California 90067
Telephone: 310-556-5813
Fax: 310-556-5659
Email: smoore@stroock.com

## STATEMENT OF DISPUTE

1.  Claimant Nu Image, Inc. is the representative of a group of sellers (the "Seller Representative") under a Purchase Agreement (the "Purchase Agreement") dated as of August 18, 2014, by and among Millennium Entertainment, LLC ("Millennium"), each of the selling parties listed on Schedule A (collectively, the "Sellers" and each a "Seller"), Nu Image Holdings, and Nu Image, Inc. as "Seller Representative," on one hand, and Calrissian LP ("Buyer"), Virgo Societas Partnership III (Onshore), L.P., and Virgo Societas Partnership III (Offshore), L.P. (collectively, "Buyer Parents"), on the other.

2.  As explained below, Claimant submits this Demand for Arbitration Before JAMS in its capacity as the representative of the Sellers and to recover the remaining amounts due under the Purchase Agreement. A copy of the Purchase Agreement is attached as Exhibit A. Buyer and Buyer Parents, along with an affiliate, Virgo Investment Group LLC, are named as Respondents. (Virgo Investment Group LLC is the entity whom the Buyer and Buyer Parents have designated to receive notices and other communications pursuant to the Purchase Agreement. *See* Purchase Agreement, § 8.10.)

3.  Millennium is an independent film distributor based in Los Angeles, California, that was owned by the Sellers, including Claimant. A significant portion of Millennium's revenue is generated by sales of motion picture DVD's to retailers, such as Wal-Mart and Target, and its earnings are dependent on the success of those films. If retailers are unable to sell the DVD's to their customers, they are permitted to return the DVD's to Millennium.

4.  On August 18, 2014, Millennium was sold to Buyer and Buyer Parents for an aggregate purchase price of $41 million. On January 8, 2015, Millennium was renamed "Alchemy."

5.  The aggregate purchase price included four "Non-Contingent Payments" to be made subsequent to the closing: (a) the amount of $900,000, to be paid "[o]n the first anniversary of the Closing Date" (August 18, 2015) (the "1st Non-Contingent Payment"); (b) the amount of $766,000, to be paid "18 months following the Closing Date" (February 18, 2016) (the "2nd Non-Contingent Payment"); (c) the amount of $1,667,000, to be paid "[o]n the second anniversary of the Closing Date" (August 18, 2016) (the "3rd Non-Contingent Payment"); and (d) the amount of $1,667,000, to be paid "[o]n the third anniversary of the Closing Date" (August 18, 2017) (the "4th Non-Contingent Payment"). *See* Purchase Agreement, § 2.3.

6.  Under Section 2.6 of the Purchase Agreement, Buyer had a period of 30 days after the closing to contest Millennium's financial condition and receive an adjustment to the sales price. Buyer never communicated any concerns with Millennium's financial condition or sought to exercise any of its rights under Section 2.6 of the purchase agreement.

7.  To the contrary, one year after purchasing Millennium, on August 24, 2015, Buyer paid the 1st Non-Contingent Payment of $900,000.

8.  On February 11, 2016, Seller Representative notified Buyer of its obligation to make the 2nd Non-Contingent Payment. A copy of that notice is attached as Exhibit B.

9. On February 17, 2016, eighteen months after the transaction closed, Buyer and Buyer Parents sent a letter to Seller Representative stating that "Buyer will not be funding the upcoming 2nd Non-Contingent Payment and anticipates further offsets against the remaining 3rd and 4th Non-Contingent Payments." A copy of this letter is attached as Exhibit C. In their February 17 letter, Buyer and Buyer Parents stated that they were offsetting from the Non-Contingent Payments amounts that they claimed were damages attributable to Sellers' alleged breaches of the Purchase Agreement, which they ambiguously described as: (a) making material changes to the accounting practices as they related to "reserves for returns and aberrant treatment of participation liabilities"; and (b) knowingly misstating assumptions in management's projections that were provided to Buyer before the closing. Even though the transaction closed 18 months earlier, this was the first time that Buyer or Buyer Parents notified Seller Representative of any disputes relating to sale, the assets sold, or the Purchase Agreement.

10. The allegations by Buyer and Buyer Parents in the February 17 letter are baseless. Before the closing, Respondents and their outside accountants and other professionals engaged in extensive due diligence concerning every aspect of Millennium's business and finances and were aware of Millennium's accounting policies and practices and any assumptions that were used in management's projections. Contrary to the allegations in the letter, Millennium did not change its accounting policies, principles, or methods—including, without limitation, its treatment of reserves or participation liabilities—during the period that preceded the closing.[1]

11. Buyer and Buyer Parents were well aware of the nature of Millennium's business before the transaction closed and were well aware that management's projections included assumptions about the potential success of films that either had not yet been delivered to retailers or that had been delivered shortly before the closing. Millennium's actual 2014 EBITDA was less than management projected solely because those films did not perform as well as management had hoped that they would. Management did not knowingly misstate any information.

12. The Sellers made no representations that management's projections would reflect actual 2014 EBITDA, and Buyer and Buyer Parents do not contend otherwise. The fact that actual 2014 EBITDA fell below management's projections was known to Respondents by early 2015 *at the latest*, yet Respondents never raised any of the issues that are raised in the February 17 letter. Moreover, Buyer made the first Non-Contingent Payment in August 2015 of $900,000 without any reservation and with full knowledge that once that payment was made, *it could not recover that amount from the Sellers under any circumstances. See* Purchase Agreement, § 7.3(c) (stating that Buyer's exclusive remedy is in the form of an offset to unpaid Non-Contingent Payments).

13. The real reason Buyer has taken the position that it is "offsetting" the money it owes Sellers has nothing to do with the pre-closing or post-closing financial condition of

---

[1] Given the vague allegations by Buyer and Buyer Parents that Millennium's revenue was less than anticipated, the claim regarding the participation liabilities is particularly mystifying, because participations are amounts owed to producers if films perform well. In other words, any deviation from expectations would be the result of a picture outperforming its projected numbers. The allegations by Buyer and Buyer Parents concerning "participation liabilities" are otherwise so devoid of information that Claimant cannot more meaningfully respond.

Millennium, or with anything Sellers or their representatives may or may not have said to Buyer in connection with the transaction. Instead, the real reason Buyer is asserting that it has no obligation to honor its payment obligations to Sellers is that, after buying Millennium, Buyer mismanaged the business and, more importantly, in July 2015, acquired ANconnect and Anderson Digital. All of this has led to Millennium's widely and publicly reported financial woes, the need to lay-off 40-50% of its workforce the same week it sent the Letter, and to sell-off some of the film titles it had acquired last year. In short, Millennium has placed itself in financial distress, to the detriment of Buyer as well, and has therefore needed to invent excuses to explain Buyer's refusal to make the 2nd Non-Contingent Payment that was then due and payable to Sellers. For that reason, it made the specious claims about Sellers in its February 17 letter.

14.     Buyer's actions in offsetting or withholding the remaining Non-Contingent Payments are unjustified and constitute: (a) a breach of Buyer's obligation to pay the 2nd Non-Contingent Payment ($766,000) and (b) an anticipatory repudiation of Buyer's obligation to pay the 3rd Non-Contingent Payment ($1,667,000) and the 4th Non-Contingent Payment ($1,667,000). In total, Buyer's breaches have caused and will cause damages to Sellers of $4.11 million, not including allowable interest and attorneys' fees and costs.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On February 29, 2016, I served the foregoing document described as:

**DEMAND FOR ARBITRATION BEFORE JAMS**

on each interested party, as stated on the attached service list.

[X] (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows. I placed a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed, as stated on the attached service list, with fees for overnight delivery paid or provided for.

[X] (BOX DEPOSIT) I deposited such envelopes or packages in a box or other facility regularly maintained by the express service carrier.

[ ] (CARRIER PICK-UP) I delivered such envelopes or packages to an authorized carrier or driver authorized by the express service carrier to receive documents.

Executed on February 29, 2016, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Denise S. Balugo | *Denise S. Balugo* |
|---|---|
| (Type or print name) | (Signature) |

7567009

## SERVICE LIST

Calrissian LP
Attn: Mark A. Perez
555 Twin Dolphin Drive, Suite 615
Redwood Shores, CA 94065

Email: mprez@virgo-llc.com
Telephone: 650.486.1953

Schuyler M. Moore
Stoock & Stoock & Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Email: smoore@stroock.com
Telephone: 310.556.5813

*Representative/Attorneys for Calrissian LP*

Virgo Investment Group, LLC
Attn: Mark A. Perez
555 Twin Dolphin Drive, Suite 615
Redwood Shores, CA 94065

Email: mprez@virgo-llc.com
Telephone: 650.486.1953

Schuyler M. Moore
Stoock & Stoock & Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Email: smoore@stroock.com
Telephone: 310.556.5813

*Representative/Attorneys for Virgo Investment Group, LLC*

Virgo Societas Partnership III (Onshore), L.P.
Attn: Mark A. Perez
555 Twin Dolphin Drive, Suite 615
Redwood Shores, CA 94065

Email: mprez@virgo-llc.com
Telephone: 650.486.1953

Schuyler M. Moore
Stoock & Stoock & Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Email: smoore@stroock.com
Telephone: 310.556.5813

*Representative/Attorneys for Virgo Societas Partnership III (Onshore), L.P.*

7567009

Virgo Societas Partnership III (Offshore), L.P.
Attn: Mark A. Perez
555 Twin Dolphin Drive, Suite 615
Redwood Shores, CA 94065

Email: mprez@virgo-llc.com
Telephone: 650.486.1953

Schuyler M. Moore
Stoock & Stoock & Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Email smoore@stroock.com
Telephone: 310.556.5813

*Representative/Attorneys for Virgo Societas Partnership III (Offshore), L.P.*