## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | x | |
| In re | : | **Chapter 11** |
| | : | |
| CALRISSIAN LP, | : | **Case No.  17-10356 (KG)** |
| | : | |
| Debtor.[1] | : | **Hrg Date:** |
| | : | **February 28, 2018 at 2:00 p.m. (ET)** |
| | : | **Obj. Deadline:** |
| | : | **February 21, 2018 at 4:00 p.m. (ET)** |
| | x | |

## DEBTOR'S MOTION FOR ENTRY OF AN
## ORDER DISMISSING THE CHAPTER 11 CASE

Calrissian LP, as debtor and debtor-in-possession (the "Debtor" or "Calrissian")

in the above-captioned chapter 11 case (the "Chapter 11 Case") files this motion (the "Motion")

for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**,

pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-

1532 (the "Bankruptcy Code"), Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 1017-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

dismissing this Chapter 11 Case and granting such other and further relief as the Court otherwise

deems necessary or appropriate.  In support of the Motion, the Debtor respectfully represents as

follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Calrissian LP (0751).  The Debtor's corporate headquarters is located at 1200 Howard Avenue, 3rd Floor, Burlingame, California 94010.

Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-l(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 1112(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1017(a) and Local Rule 1017-2.

### PRELIMINARY STATEMENT

4.      As of the commencement of this Chapter 11 Case, the Debtor, a holding company with no operations, believed it had two assets: the equity interests in chapter 7 debtor Our Alchemy LLC and contingent claims it shared with its investors against the seller of Our Alchemy, Nu-Image, Inc. ("Nu Image") and other parties.  Calrissian commenced this Chapter 11 Case in order to gain a breathing spell from financial drain arising from litigation brought by SunTrust Bank N.A. ("SunTrust"), on behalf of its lending syndicate, with the goal of allowing the pending arbitration with its investors against Nu Image and the other parties to reach its conclusion.  The Debtor and its investors had hoped and expected that the arbitration would result in a substantial award, which would have enabled it to formulate a plan of reorganization or liquidation that could have included significant distributions to its creditors.   However, the arbitration financed and pursued by Calrissian's investors, including a subsequent appeal, has now concluded and Calrissian and its investors lost the arbitration and its investors have incurred substantial, additional liabilities to its arbitration counterparties that they are in the process of

resolving.    As Calrissian has no funds or other ability to satisfy any settlement, the Virgo

Entities (as defined below), as joint and several obligors with respect to the arbitration claims,

will pay the amounts due under the arbitration and as part of that resolution, all parties including

Calrissian, will exchange mutual releases.

5.    In light of the disappointing conclusion of the arbitration and the appeal, the

Debtor has determined that it has no ability to reorganize and that continuing the Chapter 11

Case is no longer in the best interests of its estate or any parties in interest.  Thus, it has further

determined that it should no longer consume the resources of this Court.   As a holding company

of a defunct subsidiary with no contingent asset and more liabilities, the Debtor has no ongoing

business operations and thus, no business to reorganize or assets to liquidate.   As a result, the

Debtor does not possess the wherewithal to maintain the Chapter 11 Case and cannot propose or

confirm a chapter 11 plan.  Put simply, the Debtor sought a path to reorganization that, on

account of the outcome of the arbitration, did not materialize.  There is no point in continuing

with the Chapter 11 Case when the Debtor cannot reorganize or formulate a confirmable plan

and has no assets of value to administer.

6.    Therefore, the Debtor now believes that the best path forward is to dismiss the

Chapter 11 Case.  It is assumed that SunTrust will proceed with the pursuit of its claims in state

court as it had started prior to the Chapter 11 Case.  In conjunction with, and subject to, the

proposed dismissal of the Chapter 11 Case, the Virgo Entities (as defined below) have agreed to

contribute funds to cover the Debtor's share of costs of the arbitration as well as accrued and

unpaid U.S. Trustee fees pursuant to 28 U.S.C. § 1930(a)(6) (the "U.S. Trustee Fees") incurred

to date.

## BACKGROUND

7.      On February 15, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8.      The Debtor remains in possession of its property and is operating its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been requested or appointed in this chapter 11 case.

9.      Calrissian is a limited partnership formed under the laws of Delaware.  It was originally created to invest in assets in, and related to, the film industry.  In 2014, Calrissian and Virgo Societas Partnership III (Onshore), L.P., Virgo Societas Partnership III (Offshore), L.P. and Virgo Investment Group, LLC (collectively, the "Virgo Entities"), entered into a Purchase Agreement (the "Purchase Agreement") with Nu Image Holdings, Nu Image and certain other equity holders (collectively, the "Sellers") to purchase all of the outstanding equity interests in Millennium Entertainment, LLC ("Millennium").    Following the sale, Calrissian changed Millennium's name to Our Alchemy, LLC ("Our Alchemy").  Subsequently, Calrissian and the Virgo Entities learned that Millennium had been losing, and would continue to lose, substantial amounts of money.  In fact, losses continued unabated even after the Virgo Entities replaced management, made a significant additional investment of approximately $14 million in the form of junior debt (adding to the Virgo Entities' ultimate loss, which totaled approximately $47.4 million) and retained a financial advisor at the insistence of senior lenders of the Debtor and Our Alchemy.

10.     Our Alchemy ultimately filed for chapter 7 protection before this Court (Del. Bankr. Case No. 16-11596 (KG)) on July 1, 2016.  Prior to Our Alchemy entering bankruptcy, Calrissian had made one of a series of post-closing payments under the Purchase Agreement (the "Post-Closing Payments") in the amount of $900,000.  However, Calrissian declined to make

any further Post-Closing Payments, alleging that the Sellers had made material misrepresentations regarding Millennium's financial condition prior to the sale and committed other acts contrary to the terms of the agreement.

11.     On February 29, 2016, Nu Image, on behalf of the Sellers, commenced an arbitration proceeding before JAMS (the "Arbitration") against Calrissian and the Virgo Entities (the "Respondents").  Upon the Debtor's motion in this Chapter 11 Case, this Court entered an order dated February 24, 2017, that modified the automatic stay to allow the Arbitration to proceed [D.I. 32].  Ultimately, the arbitrator determined that the Respondents were liable for the remaining Post-Closing Payments and certain legal fees and expenses related to the Arbitration. In accordance with the applicable arbitration rules, the Respondents appealed the arbitrator's decision to a JAMS arbitration tribunal.  However, that appeal ultimately proved unsuccessful, as well.  The Respondents determined that the probability of a further appeal succeeding was low and did not justify the significant further costs.

12.     Because the Arbitration ultimately did not result in an award to the Debtor and the Virgo Entities, Calrissian does not have any assets of any significant value.  Calrissian does not currently have any business operations and does not have any employees.

### RELIEF REQUESTED

13.     By this Motion, the Debtor seeks entry of an order dismissing the Debtor's chapter 11 case pursuant to sections 105(a) and 1112(b) of the Bankruptcy Code.

### BASIS FOR RELIEF

14.     Pursuant to section 1112(b)(1) of the Bankruptcy Code, absent unusual circumstances, a court shall dismiss a bankruptcy case "for cause."  Section 1112(b)(1) states, in pertinent part:

on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

15.     The Court has only limited discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause.  *In re 3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D.Pa. 2006) ("Under new § 1112 when cause is found, the court shall dismiss or convert unless special circumstances exist that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate."); *see also In re Broad Creek Edgewater*, LP, 371 B.R. 752, 759 (Bankr. D. S.C. 2007).  Under the circumstances of the Debtor's chapter 11 case, the Debtor submits that cause exists to dismiss the Chapter 11 Case and that dismissal is in the best interests of the Debtor and its creditors.

**A.  Cause Exists to Dismiss the Debtors' Bankruptcy Cases Because the Debtor Has No Business Operations and No Assets with Which to Formulate a Plan or Make Any Distribution to Creditors.**

16.     Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of 16 grounds that constitute "cause" for dismissal.    11 U.S.C. § 1112(b)(4)(A)-(P).  *See In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007) ("Generally, such lists are viewed as illustrative rather than exhaustive, and the Court should 'consider other factors as they arise.'") (quoting *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991)); *In re 3 Ram*, 343 B.R. at 117 (stating that section 1112(b)'s list is non-exhaustive).  One such ground is where a party-in-interest shows that there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

17.     Under the two-fold inquiry, the Debtor must first demonstrate that there has been a diminution of value of its estate.  *See, e.g., In re Citi-Toledo Partners*, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) (finding that accumulation of real estate taxes impaired the value of the estate).   Second, the Debtor must demonstrate that it has no "reasonable likelihood of rehabilitation."  *See, e.g., Clarkson v. Cooke Sales And Service Co. (In re Clarkson)*, 767 F.2d 417, 420 (8th Cir. 1985) (dismissal warranted where "the absence of financial data and certain sources of income for the [debtors] indicate[d] the absence of a reasonable likelihood of rehabilitation").

18.     Here, the Debtor easily satisfies the two-fold inquiry.  The Debtor's hopes of reorganizing were predicated on its receiving a substantial award in its favor in the Arbitration. That asset ultimately turned out to be a liability, leaving it with no assets available to be used to satisfy the substantial claims of its creditors.  At the same time, administrative claims, such as professional fees and United States Trustee fees, continue to accrue each day the Chapter 11 Case remains open.  Second, there is no business or assets to reorganize around and the Debtor does not have sufficient assets to confirm a plan of liquidation because the Debtor no longer has any operations and has no assets of significant value, encumbered or otherwise, to provide a recovery to creditors.  Thus, there is no point in incurring additional administrative expenses when the Debtor is unable to consummate a plan.

19.      In sum, the Debtor has met its burden and this chapter 11 case should be dismissed under section 1112(b)(4) of the Bankruptcy Code due to the substantial or continuing loss to, or diminution of, the Debtor's estate, the absence of a reasonable likelihood of rehabilitation, and the fact that a liquidating plan is not feasible under the circumstances.

**B.   Dismissal Is in the Best Interests of the Debtor and Its Creditor.**

20.     Once a court determines that cause exists to dismiss a chapter 11 case, the court must also evaluate whether dismissal is in the best interests of creditors and the estate.  *See* 11 U.S.C. § 1112(b).  In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  As noted, the Debtor has minimal assets and no ongoing business to reorganize, which constitutes sufficient cause for dismissal.  *See In re Camden Ordinance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 799 (E.D. Pa. 2000) (finding that "a reorganization to salvage" a business that ceased doing business was "infeasible").

21.     Dismissal of the chapter 11 case is warranted because the sole alternative – conversion to chapter 7 case – would not serve the best interests of the Debtor's estate nor its creditors.  Indeed, dismissal of the chapter 11 case would allow the Debtor and its estate to avoid the unnecessary accrual of potential administrative expenses that would be associated with any conversion of the chapter 11 case to chapter 7, which is especially appropriate because there are no assets to liquidate here.  Dismissal will allow for a much more efficient process in which SunTrust seeks to collect directly from the Debtor by exercising its rights as a secured lender.

22.     In addition, in conjunction with, and subject to, the proposed dismissal of the chapter 11 case, the Virgo Entities have agreed to provide sufficient funds to satisfy the outstanding amounts owed by the Debtor to professionals in connection with the arbitration, in amounts agreed upon between the Debtor and each professional, as well as accrued and unpaid U.S. Trustee Fees.  These fees and expenses represent the only remaining potential administrative expense claims against the estate.

23.     In sum, granting the relief requested herein will (a) provide a means to satisfy the UST Fees of the Chapter 11 Case, (b) allow for a prompt and orderly conclusion to the Chapter

11 Case, (c) avoid the unnecessary accrual of potential administrative expenses that would be associated with any conversion to chapter 7, (d) minimize the burden on the Court and the parties of continuing the Chapter 11 Case any further, and (e) otherwise be in the best interest of the Debtor's creditors and estate.    The Debtor therefore respectfully submits that it has met its burden of proof to demonstrate that dismissal of the chapter 11 case is warranted, necessary, and appropriate.

## NOTICE

24.    The Debtor will provide notice of this Motion to the following or their counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) all known creditors of the Debtor; (c) Akin Gump Strauss Hauer & Feld LLP, counsel for SunTrust Bank; (d) counsel for Nu Image; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25.    No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that the Court enter the Order substantially in the form annexed hereto as **Exhibit A** dismissing the Chapter 11 Case and granting such other and further relief as the Court otherwise deems necessary or appropriate.

*[Signature page follows on next page]*

Dated:    February 6, 2018              MORRIS, NICHOLS, ARSHT & TUNNELL LLP
          Wilmington, Delaware

                                        */s/ Matthew B. Harvey*
                                        Robert J. Dehney (No. 3578)
                                        Matthew B. Harvey (No. 5186)
                                        Tamara K. Mann (No. 5643)
                                        1201 N. Market St., 16th Flr.
                                        PO Box 1347
                                        Wilmington, DE  19899-1347
                                        Telephone: (302) 658-9200
                                        Facsimile: (302) 658-3989

                                                  - and -

                                        BAKER BOTTS LLP
                                        Emanuel C. Grillo
                                        Christopher Newcomb
                                        30 Rockefeller Plaza
                                        New York, New York 10112
                                        Telephone: (212) 408-2562
                                        emanuel.grillo@bakerbotts.com
                                        chris.newcomb@bakerbotts.com


                                        *Counsel for the Debtor*