# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CALRISSIAN LP,<br><br>            Debtor. | Chapter 11<br><br>Case No. 17-10356 (KG) |

**NOTICE OF SERVICE OF DOCUMENT**
**SUBPOENA DIRECTED TO NU IMAGE, INC.**

In accordance with Rule 45 of the Federal Rules of Civil Procedure, made applicable to this matter by Federal Rule of Bankruptcy Procedure 9016, SunTrust Bank, as administrative agent for itself and certain other lenders, by and through its undersigned counsel, hereby gives notice that the attached document subpoena was served via electronic mail on Nu Image, Inc., c/o Robert Schwartz, Esquire, Irell & Manella, 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067.

| | |
|---|---|
| Dated: May 18, 2018 | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Ricardo Palacio*<br>_____<br>Ricardo Palacio (No. 3765)<br>Stacy L. Newman (No. 5044)<br>David F. Cook (No. 6352)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>rpalacio@ashbygeddes.com<br>snewman@ashbygeddes.com<br>dcook@ashbygeddes.com<br><br>- and - |

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David P. Simonds
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone: (310) 229-1000
dsimonds@akingump.com

William F. Mongan
1 Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
wmongan@akingump.com

*Counsel to SunTrust Bank*

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
For the   District of   Delaware

In re Calrissian LP
    Debtors

Case No. 17-10356 (KG)

Chapter 11

**RULE 2004 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**

To:  Nu Image, Inc.
     c/o Robert Schwartz, Esq.
     Irell & Manella
     1800 Avenue of the Stars
     Suite 900
     Los Angeles, CA 90067-4276

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents, electronically stored information, or objects identified on Exhibit "A" attached hereto, and to permit inspection, copying, testing, or sampling of such material at the time, date, and place set forth below:

| PLACE: Ashby & Geddes, P.A. 500 Delaware Avenue, 8th Floor Wilmington, DE 19801 | DATE AND TIME: June 4, 2018 at 10:00 a.m. (EST) |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____, 2018
         CLERK OF COURT

                    OR

_____              _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* SunTrust Bank, as administrative agent for itself and certain other lenders who issues or requests this subpoena, is: Ricardo Palacio, Esq., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801, rpalacio@ashbygeddes.com, 302-654-1888.

**Notice to the person who issues or requests this subpoena**

{01316618;v1 }

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

{01316618;v1 }

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2 )

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

{01316618;v1 }

Case 17-10356-KG   Doc 73   Filed 05/18/18   Page 6 of 14

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3 )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

## *EXHIBIT A*

## DEFINITIONS

1. "All" shall be construed as all, each, any, and every.

2. "And/or" shall be construed conjunctively or disjunctively, as required by the context to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

3. "Any" means one or more.

4. "Calrissian" means (i) the entity known as Calrissian LP, its affiliates, its direct or indirect subsidiaries, and any parent entities; (ii) any past, present, or future officer, director, partner, member, employee, or manager of the Persons referenced in (i); (iii) any past, present, or future board of directors, board of managers, or similar body, and any committee or subcommittee thereof of the Persons referenced in (i); and (iv) Professionals of any Person referenced in (i), (ii), or (iii).

5. "Communication" means any verbal, written, or electronic exchange of information and includes, but is not limited to, discussions, negotiations, correspondence, faxes, telegrams, telexes, memoranda, notes, conversations, speeches, meetings, conferences, remarks, questions, answers, panel discussions, and symposia, whether written or oral.  The term includes both communications and statements which are face-to-face and those which are transmitted by any media including, but not limited to, intercom, telephone, television, radio, modem, social media, text message, or electronic mail.

6. "Document" means the original and all non-identical copies and drafts, regardless of origin or location, of any writing and any written, printed, typed, electronic, or other graphic or photographic matter of any kind or description, in draft or final form, including, but not limited to, correspondence, letters, telegrams, facsimiles, cables, telex messages, electronic mail,

{01317169;v1 }

memoranda, notes, interoffice and interdepartmental communications, transcripts, minutes of conversations or meetings, reports, studies, any audio or video recordings, voicemail, contracts, calendar or diary entries, pamphlets, handwritten notes, charts, tabulations, records of meetings, conferences, telephone or other conversations or communications, and tapes or slides, and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form, and all other records kept by electronic photographic, or mechanical means however denominated, which are in your possession, custody, or control.  If a Document has been prepared in several copies, or additional copies have been made, or copies are not identical (or, which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy is a separate Document.

7. "Including" means including but not limited to.

8. "Nu Image" means (i) the entity known as Nu Image, Inc., its affiliates, its direct or indirect subsidiaries, and any parent entities; (ii) any past, present, or future officer, director, partner, member, employee, or manager of the Persons referenced in (i); (iii) any past, present, or future board of directors, board of managers, or similar body, and any committee or subcommittee thereof of the Persons referenced in (i); and (iv) Professionals of any Person referenced in (i), (ii), or (iii).

9. "Nu Image Arbitration" means the arbitration styled as *Nu Image, Inc. vs. Calrissian LP, et al.*, JAMS Reference No. 1210033079, and any related actions, including appeals.

10. "Person" means any natural person, corporate entity, partnership, association, limited liability company, joint venture, government entity, trust, religious order, or other entity.

11.     "Professional" means any counsel, consultant, advisor, testifying expert, non-testifying expect, agent, representative, or other Person engaged to provide or involved in providing at any time any services.

12.     "Relating to" means concerning, reflecting, referring to, pertaining to, containing, describing, regarding, illustrating, mentioning, evidencing, embodying, involving, analyzing, reporting on, commenting on, constituting, supporting, discussing, or having any logical or factual connection whatsoever with the subject matter in question.

13.     "You" or "Your" means Nu Image, as well as its affiliates, predecessors, successors, partners, principals, officers, directors, attorneys, and professionals, and other advisors, agents, employees, representatives, and other persons acting or purporting to act on Nu Image's behalf.

## INSTRUCTIONS

1.     The preceding definitions apply to these Instructions and each of the succeeding requests ("Requests"), notwithstanding that the definitions, may be reiterated, in full or in part, in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

2.     All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

3.     The use of the singular form of any word shall include the plural and vice versa.

4.     All Documents must be produced in the order they are kept in the ordinary course of business, and must be produced in their original folders, binders, covers, or containers.

5.     These Requests relate to all Documents that are in Your possession, custody, or control, or in the possession, custody, or control of Your predecessors, successors, parents,

subsidiaries, divisions, affiliates, or Your respective officers, directors, agents, attorneys, advisors, consultants, accountants, employees, partners, or other persons occupying similar positions or performing similar functions.

6. These Requests call for the production of all responsive Documents to the fullest extent of permissible discovery. Responsive Documents include all non-identical copies of such Documents in extant physical or electronic form (*i.e.*, electronically-stored information), including drafts, revisions, and other non-identical versions, whether maintained in paper form or on magnetic tape, videotape, microfilm, computer database, electronic mail, or any other electronic storage media. Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within your possession, custody, or control.

7. Unless otherwise agreed between the parties, all electronic Documents or electronic data shall be produced in a form which reveals all available electronic information regarding such electronic Documents or data.

8. Each Document shall be produced in such fashion as to identify from whose possession and from what location that Document was collected. Electronic Documents shall be produced with an accompanying index that states the following metadata:

    a. Date created/sent;

    b. Author;

    c. Recipients;

    d. Cc- copies; and

    e. Bcc – blind copies.

9. All Documents shall be produced in TIFF format with OCR images.

10. Whenever a Document is not produced in full or is produced in redacted form, You must indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Documents that are not being produced.

11. If a Document responsive to these Requests was at any time in Your possession, custody, or control, but is no longer available for production, as to each such Document, state the following information:

   a. Whether the Document is missing or lost;

   b. Whether the Document has been destroyed;

   c. Whether the Document has been transferred or delivered to another person, and, if so, to whom and at whose request;

   d. Whether the Document has been otherwise disposed of; and

   e. A precise statement of the circumstances surrounding the disposition of the Document and the date of its disposition.

12. These Requests are continuing so as to require supplemental responses if You or any person acting on Your behalf obtains additional information called for by the Request between the time of the original response and the time set for trial. Each supplemental response must be served on the Trustee no later than thirty days after the discovery of further information.

13. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical in all respects.

14. Responsive Documents shall be produced with all attachments, enclosures, and exhibits to such documents, whether now or at any time attached, enclosed, or accompanying such documents. If any portion of a Document is responsive to a request, produce the entire Document, including all attachments, enclosures, "post-it"-type notes, and any other matter physically attached to the Document, whether by paper clip or any other manner.

15. Documents not otherwise responsive to a Request must be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by the Request, or if such documents are attached to Documents called for by the Request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

16. If you object to a Request, state the grounds for objection in the response to such Request. If you claim privilege with respect to any Request, you shall provide that part of the Document requested for which privilege is not claimed, state that part of the Request to which you object and state the basis for the claim of privilege.

17. To the extent that you claim any Document or thing is not discoverable for any reason, including, without limitation, the attorney-client privilege, the work-product doctrine, or the immunity from discovery afforded to materials prepared for or in anticipation of litigation, please identify the withheld document or thing sufficiently to provide the Trustee an opportunity to assess the claim of privilege by describing and listing on a "Privilege Log" the withheld Documents' (a) nature or type (*e.g.*, letter, memoranda, electronic mail, financial model); (b) general subject matter (*e.g.*, compensation analysis, financial data); (c) date(s); and (d) such other information as is sufficient to identify the Document for purposes of a subpoena, including: author(s), recipient(s), and number of page(s).

18. If you are unable to respond to any of the following Requests in full after exercising due diligence to secure the information to do so, the response shall so state and respond to the extent possible, specifying the reasons for the inability to respond to the remainder and providing whatever information or knowledge is available concerning the unanswered portions.

19. No response is to be left blank. If the response to any Request or subsection of a Request is "none" or "unknown", the word "none" or "unknown" must be written in the response. If the Request is inapplicable, "N/A" or "not applicable" must be written in the response.

20. Except where otherwise specified, the Requests seek Documents dated, created, or otherwise obtained on or after January 1, 2013 through the present.

## **DOCUMENT REQUESTS**

1. All Documents filed or submitted by any party in connection with the Nu Image Arbitration, including without limitation the demand for arbitration, statement of defense and counterclaim, briefs, declarations and expert reports (including rebuttal reports).

2. All exhibits submitted in connection with or at the Nu Image Arbitration, whether or not attached to expert reports or briefs.

3. All transcripts Relating to the Nu Image Arbitration, including without limitation transcripts from depositions and hearings.

4. All Documents and Communications Relating to the Nu Image Arbitration, including without limitation any awards, decisions, or orders related thereto.

| | |
|---|---|
| Dated:  May 18, 2018 | **ASHBY & GEDDES, P.A.** |
| | */s/ Ricardo Palacio* |

Ricardo Palacio (#3765)
500 Delaware Avenue, 8th Floor
Wilmington, DE  19801
Telephone:  (302) 654-1888
RPalacio@ashbygeddes.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David P. Simonds (*pro hac vice* pending)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067
Telephone: (310) 229-1000
dsimonds@akingump.com

William F. Mongan (*pro hac vice* pending)
1 Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
wmongan@akingump.com

*Counsel to SunTrust Bank*