**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CALRISSIAN LP, | Case No. 17-10356 (KG) |
| Debtor. | **Related Docket No. 76** |

**SUNTRUST BANK'S OBJECTION TO VIRGO ENTITIES' MOTION TO
QUASH THE DOCUMENT SUBPOENA DIRECTED TO NU IMAGE, INC.**

SunTrust Bank, as Administrative Agent  ("SunTrust")[1] for itself and for certain other

lenders (collectively, with SunTrust in its capacity as a lender, the "Lenders"), through its

undersigned counsel, hereby submits this objection (the "Objection") to the Virgo Entities'[2]

*Motion to Quash the Document Subpoena Directed to Nu Image, Inc.* [D.I. 76] (the "Motion").

In support of its Objection, SunTrust respectfully states as follows:

1.      The question presented by the Virgo Entities in the Motion is whether or not

SunTrust has "good cause" to pursue the discovery sought from Nu Image, Inc. in the Subpoena.

It does.  SunTrust seeks the production of documents relating to the Debtor's arbitration with Nu

Image (the "Arbitration").  And because the Virgo Entities have failed to articulate good cause

for why the documents should remain confidential, the Court should deny the Motion.

2.      From the outset of this case, the Debtor has argued that resolution of the

Arbitration counterclaims is a necessary perquisite to "the Debtor being able to formulate a path

towards emergence from bankruptcy."  *Debtor's Motion for Entry of an Order Modifying the*

*Automatic Stay to Permit Nu Image Arbitration to Proceed* [D.I. 9] (the "Lift-Stay Motion") ¶

---

[1] For the avoidance of doubt, and except as otherwise noted herein, any reference to "SunTrust" in this Objection shall mean SunTrust in its capacity as Administrative Agent for the Lenders, in accordance with and subject to the terms and conditions of the Financing Documents.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

14. According to the Debtor, Nu Image made various misrepresentations[3] to the Debtor and the Virgo Entities in connection with the Debtor's purchase of film distribution company Our Alchemy, LLC ("Our Alchemy", f/k/a Millennium Entertainment LLC).  Those alleged misrepresentations would have triggered indemnification obligations, rendering Nu Image liable to the Debtor and the Virgo Entities for "substantial damages" in connection with the premature demise of Our Alchemy's business.  *Id.* ¶ 11.

3.      The Debtor had hoped and expected that the Arbitration would result in a substantial award, which would have enabled it to formulate a plan of reorganization.  *Debtor's Motion for Entry of an Order Dismissing the Chapter 11 Case* [D.I. 52] (the "Motion to Dismiss") ¶ 4.  Instead, the Arbitration was apparently a disaster, resulting in a substantial award *against* the Debtor, a significant portion of which represents attorneys' fees.  *Id.* ¶ 11.  Pursuant to the Motion to Dismiss, the Debtor seeks to terminate its bankruptcy case so that it can resolve the Arbitration and exchange mutual releases with the parties thereto, including its controlling parent entities, the Virgo Entities.  *Id.* ¶ 4.

4.      SunTrust has good cause to investigate the demise of the Estate's only asset.  A Rule 2004 examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  FED. R. BANKR. P. 2004(a).  The Subpoena furthers SunTrust's interest in the administration of the estate by allowing it to examine the conduct of the Arbitration, the incurrence of substantial additional liabilities, and the merits of the Debtor's contemplated release of the Virgo Entities.

5.      Because the documents are discoverable under Rule 2004, the Court should deny the Motion.  Confidentiality agreements are not binding on third parties.  *See, e.g.*, *Gotham*

---

[3] The "post-closing payments" reference in the Motion relate to Nu Image's Arbitration claims against the Debtor.

*Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009) ("Contracts bind only the parties. No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off."); *see also Green v. Cosby*, 314 F.R.D. 164, 170 (E.D. Pa. 2016) ("[T]here is no Federal Rule of Civil Procedure, or legal precedent, that requires [a party] to provide a compelling justification for the disclosure in discovery of materials deemed confidential pursuant to a [private agreement]."). The confidentiality provision cited by the Virgo Entities was not agreed to by SunTrust,[4] and is not binding on SunTrust or this Court.

6.     The case cited by the Virgo Entities is inapposite. The Delaware state court case makes its determination pursuant to public policy for the State of Delaware to favor mediation. *Cont'l Cas. Co. v. BorgWarner*, 2016 WL 1169107, at *3 (Del. Super. Ct. Mar. 15, 2016). Although it found the public policy persuasive in that case, the *BorgWarner* court nevertheless agreed "with the general proposition of *Gotham*, namely that parties cannot agree to put information beyond the reach of the court's subpoena power." *Id.* at *4. There is no similar policy favoring arbitration under federal law. *See, e.g.*, *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 469 (1989).

7.     Even if this Court were to weigh public policy, it should still deny the Motion. By their own conduct, the Virgo Entities have demonstrated that the confidentiality of the Arbitration is subordinate to the interests of the Virgo Entities. In connection with the Lift-Stay Motion, the Virgo Entities submitted a declaration regarding the status of the Arbitration [D.I. 9-2], and subsequently caused to be filed certain Arbitration documents that are allegedly confidential [D.I. 22-1, 22-2, 22-3]. Now that the Arbitration has been lost, the Virgo Entities have filed the Motion, and have caused the Debtor to file the Motion to Dismiss, in an effort to

---

[4] Nu Image—the counterparty to the confidentiality provision—has expressed a willingness to produce documents related to the Arbitration pursuant to the Subpoena.

{01347820;v1 }                              3

conceal the contents of the Arbitration and their effect on the Debtor's estate.  The Court should

deny the Motion, and permit SunTrust to conduct discovery pursuant to the Subpoena.

## CONCLUSION

8.     Accordingly, SunTrust respectfully requests that the Court deny the Virgo

Entities' Motion, and grant such further relief as the Court deems just, proper and equitable.


Dated: July 26, 2018                                   **ASHBY & GEDDES, P.A.**

                                                      */s/ Ricardo Palacio_____*
                                                      Ricardo Palacio (DE No. 3765)
                                                      500 Delaware Avenue, 8th Floor
                                                      Wilmington, DE 19899
                                                      Telephone: (302) 654-1888
                                                      rpalacio@ashbygeddes.com

                                                      - and -

                                                      **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                                      David P. Simonds (admitted *pro hac vice*)
                                                      1999 Avenue of the Stars, Suite 600
                                                      Los Angeles, CA  90067
                                                      Telephone: (310) 229-1000
                                                      dsimonds@akingump.com

                                                      William F. Mongan (admitted *pro hac vice*)
                                                      1 Bryant Park
                                                      New York, NY 10036
                                                      Telephone: (212) 872-1000
                                                      wmongan@akingump.com

                                                      *Counsel to SunTrust Bank*


{01347820;v1 }                                        4