**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CALRISSIAN LP, | Case No. 17-10356 (KG) |
| Debtor. | **Hearing Date: August 2, 2018 at 11:00 a.m. (ET)** |
| | **Related Docket No. 72** |

**REPLY OF SUNTRUST BANK, AS ADMINISTRATIVE AGENT**
**FOR ITSELF AND CERTAIN OTHER LENDERS, IN SUPPORT OF ITS MOTION FOR**
**AN ORDER UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE COMPELLING THE PRODUCTION OF**
**DOCUMENTS FROM THE VIRGO ENTITIES**

SunTrust Bank, as Administrative Agent ("SunTrust")[1] for itself and for certain other lenders (collectively, with SunTrust in its capacity as a lender, the "Lenders"), through its undersigned counsel, hereby submits this reply (the "Reply") in support of its motion (the "Motion") for the entry of an Order, substantially in the form attached thereto, compelling the Virgo Entities[2] to produce the documents set forth on Schedule 1 to the Proposed Order (the "Requests"). In support of this Reply, SunTrust respectfully states as follows:

**PRELIMINARY STATEMENT**

In their objection (the "Objection") to the Motion, the Virgo Entities complain that SunTrust filed harassing requests that are duplicative of those sent to the Virgo Entities by the Alchemy Trustee. In fact, SunTrust has been seeking substantially similar documents from the Virgo Entities for over a year. The Virgo Entities owned and managed Calrissian, and managed Calrissian's primary asset, Alchemy. SunTrust seeks documents in the possession of the Virgo

---

[1] For the avoidance of doubt, and except as otherwise noted herein, any reference to "SunTrust" in this Reply shall mean SunTrust in its capacity as Administrative Agent for the Lenders, in accordance with and subject to the terms and conditions of the Financing Documents.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Entities that relate to these relationships.  Since Calrissian, which has no employees, could not "act" on its own, the documents possessed by the Virgo Entities are the primary record of the "acts, conduct, or property or to the liabilities and financial condition of the [D]ebtor," as well as matters that may affect the administration of the Debtor's estate.  FED. R. BANKR. P. 2004(a).

## BACKGROUND FACTS

1.      As the Virgo Entities note in the Objection, many of the Requests are similar to or identical to certain requests served by SunTrust in connection with the Guaranty Litigation. SunTrust served those discovery requests on December 22, 2016, but the Virgo Entities did not produce any documents and Calrissian filed for bankruptcy.  As noted in the Motion, those requests related to the Virgo Entities' role in connection with Calrissian's acquisition of Alchemy, and to the Virgo Entities' subsequent management of Calrissian and Alchemy.

2.      On April 24, 2017, shortly after Calrissian filed its petition, SunTrust sent Virgo Investment Group LLC ("Virgo Investments") proposed requests (the "2017 Requests") pursuant to Bankruptcy Rule 2004, and attempted to meet and confer concerning the scope of such a production.  Many of the 2017 Requests were also similar to or identical to certain Requests. Although the 2017 Requests were sent to Virgo Investments (one of the Virgo Entities), Calrissian's counsel conducted the meet and confer process.

3.      The results of that process were inadequate.  On May 17, 2017, the Virgo Entities produced four documents.  Over the course of several months, follow-up requests by SunTrust's counsel were deflected but not outright denied.  For example, SunTrust sought documents relating to the arbitration with Nu Image, Inc. (the "Arbitration").  Initially, the Virgo Entities wanted to wait until a final order was entered in the Arbitration in order to get comfort about sharing any Arbitration documents.  Once that final order was entered, the Virgo Entities

determined that the conclusion of the Arbitration appeals process should be the new benchmark. The Virgo Entities also declined to discuss with SunTrust the production of any internal documents that related to the management and condition of Calrissian or Alchemy.

4.      On February 6, 2018, after the Arbitration had ended, Calrissian filed the Motion to Dismiss.

5.      On March 29, 2018, George L. Miller (the "Alchemy Trustee"), chapter 7 trustee to the estate of Our Alchemy, LLC (Case No. 16-11596 (KG)) and Anderson Digital, LLC (Case No. 16-11597 (KG)) in their bankruptcy cases entitled *In re Our Alchemy, LLC, et al.* (the "Alchemy Bankruptcy"), served the Virgo Entities with document requests (the "Trustee Requests") identical to the Requests.  As a result, many of the Trustee Requests were similar to or identical to the 2017 Requests.  Upon receiving the Trustee Requests, the Virgo Entities engaged with the Alchemy Trustee to discuss the scope of a production.

6.      In an effort to join the negotiation over what documents should be produced by the Virgo Entities, SunTrust served the Requests on April 13, 2018.  When the Virgo Entities again determined not to deal with SunTrust, SunTrust filed the Motion.

## ARGUMENT

7.      SunTrust has demonstrated that it has good cause to seek documents responsive to the Requests.  Good cause is shown if the examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice.  *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016).  In *Millennium*, the requesting party insisted that the examinations were necessary to "enable the [requesting party] to determine the scope of viable claims that may exist on behalf of the [requesting party] against potential third parties that may be culpable for causing such harm

to the [d]ebtors." *Id.* The court noted that "Potential [Rule 2004] examinees include third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate." *Id.* at 626. The *Millennium* court found good cause, even though the requesting party was already in possession of *some* documents. *Id.* at 627. SunTrust cannot rely on Calrissian to conduct an unbiased investigation of its own estate, and needs the documents sought by the Request to perform an examination.

8.      SunTrust will be prejudiced if it is not able to obtain discovery from the Virgo Entities. A court considering whether good cause exists must balance the competing interests of the parties. *In re Drexel Burnham Lambert Grp.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). Here, SunTrust will not be able to complete an investigation without obtaining discovery from the Virgo Entities. The Virgo Entities are not just a third party that possesses knowledge of the Debtor's acts, conduct, liabilities or financial condition—they *dictated* Calrissian's acts and conduct and managed the assets in its estate. The Virgo Entities' sole attempt at a "competing interest" is to state that the Requests are "far-reaching into the business activities of the Virgo Entities". Objection ¶ 16. Part of the Virgo Entities' business was operating Calrissian, and the Requests relate to the Calrissian estate.

9.      The Requests are not an attempt by SunTrust to harass the Virgo Entities. As noted above, SunTrust made the 2017 Requests to the Virgo Entities months before the Alchemy Trustee made the Trustee Requests. The Virgo Entities all but ignored the 2017 Requests. Subsequently, when SunTrust became aware that the Alchemy Trustee was going to receive documents responsive to the Trustee Requests, SunTrust submitted the identical Requests. SunTrust is a party in interest that has good cause to investigate claims in this case, and the

submission of identical requests in light of the Virgo Entities' desire to deal only with the Alchemy Trustee is not a valid reason to deny the Motion.

10.    Since the Objection was filed, the Virgo Entities cooperation with the Alchemy Trustee resulted in the production of approximately 300 documents.  Upon information and belief, none of those documents is an "internal" communication among the principals of the Virgo Entities responsible for managing Calrissian and Alchemy.  On June 29, 2018, the Alchemy Trustee filed an adversary proceeding against the Virgo Entities (and others).  As a result, the Virgo Entities are no longer planning to produce documents responsive to the Trustee Requests.

11.    The adversary proceeding filed by the Alchemy Trustee is not a reason to deny the Motion.  The "pending proceeding" rule states that a trustee who has filed an adversary proceeding is no longer entitled to conduct Rule 2004 examinations regarding issues within the scope of that proceeding.  *In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994).  However, this limitation "does not apply to discovery by parties other than the trustee."  *Id.*  "Where a claimants' representative and the trustee have separate interests and the claimants' representative is not a party to the adversary proceedings filed by the trustee, the claimants' representative is not barred from conducting Rule 2004 examinations."  *Id.*  "This is true even if the issues to be raised in the Rule 2004 examination are related to the issues raised by the trustee in the adversary proceeding."  *Id.*  Via the Motion, SunTrust seeks documents that will allow it to investigate potential claims related to the Calrissian estate.  Its interests are separate from those of the Alchemy Trustee, which is conducting its adversary proceeding in a separate case.  Were SunTrust forced to wait until discovery played out in the Alchemy Bankruptcy, its investigation into potential claims in this separate matter would be harmed by additional delay.

12.     Finally, with respect to the other objections of the Virgo Entities: SunTrust has been willing to meet and confer with the Virgo Entities regarding an appropriate scope of Rule 2004 discovery.  But the scope cannot be "none".  SunTrust has established good cause to investigate the Debtor's estate, including how it was managed by its controlling parents, the Virgo Entities.  The Virgo Entities have sought to evade such discovery, and have directed the Debtor to file the Motion to Dismiss in an attempt to close the case before a disinterested investigation can be performed.  The Court should grant the Motion, and should order the Virgo Entities to comply with the Requests.

Dated: July 31, 2018

**ASHBY & GEDDES, P.A.**

*/s/ Stacy L. Newman*

_____
Ricardo Palacio (No. 3765)
Stacy L. Newman (No. 5044)
David F. Cook (No. 6352)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
Telephone: (302) 654-1888
rpalacio@ashbygeddes.com
snewman@ashbygeddes.com
dcook@ashbygedes.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
David P. Simonds (admitted *pro hac vice*)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067
Telephone: (310) 229-1000
dsimonds@akingump.com

William F. Mongan (admitted *pro hac vice*)
1 Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
wmongan@akingump.com

*Counsel to SunTrust Bank*