IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re                                              :   Chapter 11
                                                   :
CALRISSIAN LP,                                     :   Case No.  17-10356 (KG)
                                                   :
            Debtor.[1]                             :   Related D.I. Nos. 52, 60, 66 & 70
                                                   :
                                                   :
---------------------------------------------------------------- x

**SUPPLEMENTAL STATEMENT WITH RESPECT TO FURTHER
DEVELOPMENTS IN RESPONSE (A) IN OPPOSITION TO
MOTION OF SUNTRUST BANK, AS ADMINISTRATIVE AGENT FOR ITSELF
AND CERTAIN OTHER LENDERS, FOR AN ORDER (I) CONVERTING THE
CHAPTER 11 CASE OF CALRISSIAN LP TO A CASE UNDER CHAPTER 7
AND (II) GRANTING RELATED RELIEF AND (B) IN SUPPORT OF DEBTOR'S
MOTION FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASE**

Calrissian LP, as debtor and debtor-in-possession (the "Debtor" or "Calrissian") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files this supplemental statement (the "Supplemental Statement") with respect to further developments (a) in objecting to the *Motion of SunTrust Bank, as Administrative Agent for Itself and Certain Other Lenders, for an Order (I) Converting the Chapter 11 Case of Calrissian LP to a Case Under Chapter 7 and (II) Granting Related Relief* [D.I. 70] (the "Motion to Convert"), (b) in reply to (i) *SunTrust Bank's (I) Objection to Debtor's Motion for Entry of an Order Dismissing the Chapter 11 Case, and (II) Request for Conversion of the Case to a Case Under Chapter 7* [D.I. 60] (the "SunTrust Objection") and (ii) *George L. Miller, as Chapter 7 Trustee for the Estate of Our Alchemy, LLC (I) Objection to Debtor's Motion for Entry of an Order Dismissing the Chapter 11 Case, and (II) Request for Conversion of the Case to a Case Under Chapter 7* [D.I. 66] (the "Trustee

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is Calrissian LP (0751).  The Debtor's corporate headquarters is located at 1200 Howard Avenue, 3rd Floor, Burlingame, California 94010.

Objection"), and (c) in support of its *Motion for Entry of an Order Dismissing the Chapter 11 Case* [D.I. 52] (the "Motion to Dismiss")[2] pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of its Response, Calrissian, by its undersigned counsel, respectfully states as follows:

1. Unwilling to accept the realities of the failed Millennium/Our Alchemy transaction and its subsequent impact on the Our Alchemy estate, SunTrust and the Trustee believe that they can end-run procedural protections and longstanding legal principles through duplicative discovery demands and claims in multiple cases to create liabilities against third parties that they cannot prove and that do not exist.

2. Since the Motion to Dismiss was filed, SunTrust and the Trustee, who is funded by SunTrust, have filed:

- Objections to the Motion to Dismiss demanding conversion instead of dismissal;

- SunTrust's duplicative Motion to Convert;

- The Trustee's proof of claim in the Chapter 11 Case (the "Trustee's Proof of Claim") seeking to recover certain alleged fraudulent transfers from Calrissian;

- A complaint in an adversary proceeding in this Chapter 11 Case based upon the same facts and alleging the same claims as set forth in the Trustee's Proof of Claim, duplicating what was in the Trustee's Proof of Claim;

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion to Dismiss.

- Identical Rule 2004 discovery requests in <u>both</u> the Our Alchemy case and this Chapter 11 Case as more fully stated in the Virgo Entities' Supplemental Objection; and

- A 63-page complaint in an adversary proceeding in the Our Alchemy case asserting claims against, among others, the Virgo Entities and various officers and directors of Our Alchemy.

3. Now that the Trustee has brought claims on behalf of the estate of Our Alchemy, there is no justifiable basis to keep the Calrissian bankruptcy estate open. Parties can be joined to the Trustee's litigation in the Our Alchemy chapter 7 case. Moreover, in the Trustee's and SunTrust's pleadings, they never address how the chapter 7 case of Calrissian would be administered or how their rights as creditors of Calrissian are prejudiced by dismissal. They have failed to identify any claims that cannot be brought in the context of the Trustee's adversary proceeding against the Virgo Entities and Our Alchemy's former directors.

4. As for the fraudulent transfer action and the Trustee's Proof of Claim brought under this Chapter 11 Case, the Trustee and, by extension, his sponsor, SunTrust, conspicuously omit, in respect of the principal claim, that the funds supplied by the Virgo Entities were part of the purchase price ultimately paid to Nu Image—not to any Virgo Entity. They ignore this salient fact in the complaint and disregard certain inconvenient elements of the transaction as a whole, in violation of the well-recognized "collapsing" doctrine that is applied to fraudulent transfer or conveyance analysis. *See, e.g.*, *In re National Forge Co.*, 344 B.R. 330 (W.D. Pa. 2006) ("It is now widely accepted that multilateral transactions may under appropriate circumstances be 'collapsed' and treated as phases of a single transaction for purposes of applying fraudulent conveyance principles.") In fact, courts in this district have warned that

"interrelated yet formally distinct steps in an integrated transaction may not be considered independently of the overall transaction*.*" *Id., quoting, In re Foxmeyer Corp.*, 286 B.R. 546, 573 (Bankr. D. Del. 2002), *quoting, In re Big V. Holding Corp.,* 267 B.R. 71, 92-93 (Bankr. D. Del. 2001).

     5.    These facts have been well within the knowledge of both the Trustee and SunTrust from before the commencement of this Chapter 11 Case.  Indeed, SunTrust and its co-lenders expressly sought to have the Virgo Entities bridge the closing of the original purchase of the Millennium/Our Alchemy business by Calrissian, that SunTrust's affiliate structured and brokered.  It is both misleading and disingenuous to separate what all parties knew and agreed were part of the same integrated transaction which the Alchemy Trustee dissects for his and SunTrust's convenience.

                    [*Signature page follows on next page*]

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that the Court (i) deny the Motion to Convert, (ii) overrule the SunTrust Objection and the Trustee Objection, (iii) grant the Motion to Dismiss, (iv) enter an order dismissing the Chapter 11 Case and (v) grant such other and further relief as the Court otherwise deems necessary or appropriate.

Dated:  July 31, 2018
        Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Matthew B. Harvey*
Robert J. Dehney (No. 3578)
Matthew B. Harvey (No. 5186)
1201 N. Market St., 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

- and -

BAKER BOTTS LLP
Emanuel C. Grillo
Christopher Newcomb
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2562
emanuel.grillo@bakerbotts.com
chris.newcomb@bakerbotts.com

*Counsel for the Debtor*

Active 32831254.1