# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CALRISSIAN LP, | ) | Case No. 17-10356(KG) |
| | ) | |
| Debtor. | ) | **Re: D.I. Nos. 52, 70 and 72** |

## MEMORANDUM OPINION

The Court is asked to decide between two contrary positions. First, the Debtor, Calrissian LP (the "Debtor") moved (the "Motion", D.I. 52) to dismiss its Chapter 11 bankruptcy case pursuant to Section 1112(b) of the Bankruptcy Code (11 U.S.C. §§ 101-1532) (the "Code"). In contrast, SunTrust Bank, ("SunTrust") as Administrative Agent for itself and other lenders (the "Lenders") has objected to the Motion and submitted a request for conversion of the case to one under Chapter 7 of the Code. D.I. 70. Also, George L. Miller, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of the debtor in a separate case, Our Alchemy, LLC ("Alchemy" or "Alchemy Estate") has also objected to the Motion and requested that the case be converted. The Court's decision follows.

### Jurisdiction and Venue

The Court's jurisdiction is premised on 28 U.S.C. §§ 157 and 1334. The issues presented are core matters. Venue is proper for this district pursuant to 28 U.S.C. §§ 1408 and 1409.

Facts[1]

Debtor is a holding company which has no operations and no prospects of a successful reorganization. Its only asset is $400 in cash. It also has no employees.

In 2014, Debtor and the Virgo Entities (Debtor's parent companies) purchased Alchemy from Nu Image, Inc. ("Nu Image") in a transaction for which the Lenders provided financing and Debtor extended a guaranty.[2] Debtor is under the control of the Virgo Entities. Following the purchase, Debtor and the Virgo Entities discovered that Alchemy was losing money and on February 15, 2017, Debtor filed for Chapter 11 protection. Prior to the bankruptcy, on August 5, 2016, SunTrust brought suit against Debtor on the guaranty in New York state court. Also, before its bankruptcy Debtor had made a payment of $900,000 to Nu Image of a post-closing obligation. When Debtor did not make any further payments, Nu Image commenced an arbitration proceeding (the "Arbitration") against Debtor and the Virgo Entities on February 29, 2016. The Court modified the automatic stay to permit the Arbitration to proceed.

The Arbitration did not go well for Debtor and the Virgo Entities. The Arbitration determined that Debtor and the Virgo Entities were liable for the remaining payments, plus legal fees and expenses. The subsequent appeal to an arbitration panel failed. SunTrust and the Trustee oppose the Motion and seek conversion.

---

[1] The facts which the Court recites are undisputed.

[2] The company which the Debtor and the Virgo Entities purchased was then known as "Millennium Entertainment, LLC," whose name Debtor changed to "Our Alchemy LLC."

Ruling

At first glance, the issues presented appears to be straight forward. A more careful review leads to a different conclusion.

A. Cause

The relevant Code section, § 1112(b)(1), provides, in part:

> [T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter whichever is in the best interests of creditors and the estate, for cause . . .

A court must therefore determine first if there is cause to dismiss or convert and, if so, whether it is dismissal or conversion that is in the "best interests of creditors and the estate."

In this case, all of the parties agree that there is cause for dismissal or conversion. Applying § 1112(b)(4)(A) which designates "cause," for dismissal or conversion, the Debtor suffers a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." The Court agrees with the parties that "cause" for conversion or dismissal is a foregone conclusion.

B. Best Interests

The determination that "cause" exists leads to the next question. Is dismissal or conversion in the "best interests of creditors and the estate?" The cases are uniform in holding that the decision to dismiss or convert is within the bankruptcy court's discretion and is based on the facts. It is a case-by-case decision. *See, e.g.*, *Winnecour v. Klaas (In re Klaas)*, 533 B.R. 482, 488 (Bankr. W.D. Pa. 2015). Courts do, however, give considerable weight to what the creditors want – dismissal or conversion. *See Arkansas, Inc. v. United*

3

States Trustee (*In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*), 245 B.R. 794, 802 (E.D. Pa. 2000) (creditors favored conversion and can best judge what is in their best interests).

Debtor argues in favor of dismissal that:

1. It has no on-going business operations, no employees and minimal assets, about $400.

2. Dismissal would aid it in avoiding administrative expenses.

3. A Chapter 7 case should not be run for the exclusive benefit of a secured creditor such as SunTrust and associated lenders who are owed for their secured debt in excess of $40 million.

4. Given Debtor's financial condition, a Chapter 7 trustee would have no assets to liquidate, no funds to distribute and no money to use to hire professionals. Accordingly, Debtor argues that conversion does not serve the interests of creditors and their estate.

SunTrust and the Trustee seek conversion, arguing:

1. The Debtor's estate may have potential claims against its parent, the Virgo Entities, such as claims for misrepresentation, alter ego, breach of fiduciary duty, fraudulent conveyance and the like, arising from Debtor's purchase of Alchemy.

2. Debtor may have assets and a trustee should be appointed to investigate and prosecute claims.

3. It will be more costly to dismiss. There may be a future liquidation and a future Chapter 7 liquidation.

  4.  Debtor is settling with Nu Image, Inc. (which sold Alchemy to Debtor) and the settlement will evade the oversight of parties in interest.

  5.  There are advantages that bankruptcy offers in Chapter 7 – the trustee will hold the attorney-client privilege and will thereby have access to additional information, Rule 2004 discovery is more liberally granted than plenary case discovery and there is greater transparency in bankruptcy than outside.

  Based on the facts and the legal arguments, the Court will order the conversion of the case to one under Chapter 7 with a caveat that follows. Debtor argues that it has no assets with which a Chapter 7 trustee can operate and, further, that a Chapter 7 case will advance the interests solely of SunTrust a secured creditor. Finally, Debtor argues that SunTrust can bring claims against the Virgo Entities outside of bankruptcy and the Trustee can add claims against Debtor and its insiders in the adversary proceeding he has already initiated. The answer to these concerns is that the Chapter 7 trustee can decide whether or not to maintain the Chapter 7 case.

  Debtor points out that in the settlement it and the Virgo Entities entered into with Nu Image and about which the Trustee and SunTrust are suspicious, there are no releases between Debtor and the Virgo Entities. Debtor has offered to submit the settlement to the Court for approval. Thus, claims which Debtor may have against the Virgo Entities are not released. Again, the Chapter 7 trustee can if she chooses take advantage of this fact.

Nonetheless, the Court is of the opinion that conversion is preferable over dismissal, not by much now but a small amount. The facts and the losses which Debtor suffered in its acquisition of Alchemy warrant an independent investigation by a Chapter 7 trustee. Although Debtor claims to have almost no assets, it may upon examination be determined that Debtor has valid and valuable claims. A Chapter 7 trustee can hire contingency counsel or enter into a financing arrangement with a secured creditor or a lender. Thus, conversion will allow an independent and objective third party to investigate the purchase of Alchemy from Nu Image. Dismissal, on the other hand, simply ends the case. Further, the Chapter 7 trustee will hold the attorney-client privilege which may give her greater knowledge of any valid claims. Rule 2004 examinations also provide greater access to information.

For these reasons the Court will convert the case to one under Chapter 7. The Court's "caveat" to the Chapter 7 trustee is this. The Court's decision is not at all a ringing endorsement of conversion over dismissal. If the Chapter 7 trustee does not believe she can make a strong case, or if the trustee is unable to secure contingency counsel or funding, she should not hesitate to determine that she does not believe the case is warranted and issue a Report of No Distribution. Such an action is preferable to bringing a proceeding with limited merit.

<u>Discovery</u>

SunTrust filed a Rule 2004 Motion (the "Rule 2004 Motion") (D.I. 72) seeking document production from the Virgo Entities, who in turn have objected to the Rule 2004 Motion. The Court has ruled that Debtor's case should be converted to one under

Chapter 7.  The Court will await the appointment of a Chapter 7 trustee before deciding the Rule 2004 Motion, to see if the trustee will pursue litigation against the Virgo Entities or issue a Report of No Distribution and seek dismissal.  The Court also notes that to the extent SunTrust seeks documents relating to the Arbitration, those documents may be confidential and, without deciding, the Court may not order the Virgo Entities to produce them.  Other document requests relate to litigation being pursued in the Our Alchemy bankruptcy case and those documents may be beyond the propriety of a Rule 2004 Motion.

Finally, SunTrust seeks by subpoena directed to Nu Image documents relating to the Arbitration.  The Court will again hold its ruling in abeyance pending the appointment of a Chapter 7 trustee and the trustee's decision on what to do.  The Court again notes that the confidentiality of the arbitration documents may preclude them from being produced.

## CONCLUSION

The Court has determined that the case will be converted to one under Chapter 7. Further, SunTrust's discovery by Rule 2004 Motion and subpoena may not proceed at this time pending the appointment of a Chapter 7 trustee and the trustee's decision on the action to take.

Dated:  August 10, 2018

_____
KEVIN GROSS, U.S.B.J.